# AFFIDAVIT

1:19MJ2271

I, Ian M. Brock, currently assigned to the Cleveland Division of the FBI, hereinafter referred to as your Affiant, being duly sworn, do state the following:

## INTRODUCTION

1. As a Special Agent of the FBI, your Affiant is an investigative law enforcement officer of the United States of America within the meaning of Title 18 U.S.C. 2510(7). Your Affiant is empowered to conduct investigations and to make arrests for federal felony offenses.

2. Your Affiant has been employed by the Federal Bureau of Investigation for 12 years and has been assigned to the Cleveland Division of the FBI for each of those 12 years. During that time, your Affiant has been assigned to investigate activities of drug trafficking organizations, drug-related gang and violent crime activities, and other criminal offenses. As a Special Agent of the FBI, your Affiant has participated in narcotics/drug enforcement, and the dismantlement of mid- to upper-level drug trafficking organizations. Your Affiant has planned and executed long-term investigative operations which have led to the disruption and dismantlement of criminal street gangs whose revenues centered primarily around the trafficking and distribution of illicit drugs.

3. As a Special Agent in the FBI, your Affiant received basic drug training at the FBI Academy in Quantico, Virginia. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques, which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations. Your Affiant has been involved in multiple controlled

purchases of drug evidence and subsequent arrests of defendants charged with drug-related crimes. Your Affiant has supervised the activities of informants who have provided information concerning controlled substances and organized criminal activities, purchased controlled substances, and supervised consensual monitoring in connection with these investigations. Your Affiant has utilized various forms of tracking technology to assist in various forms of criminal investigation.

4. Your Affiant makes this affidavit in support of a criminal complaint and arrest warrant for JAQUAN QUINN for distributing fentanyl and carfentanil, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C).

## **BASIS OF INFORMATION**

5. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon your Affiant's personal participation in the investigation of QUINN, as well as through information obtained from other law enforcement agencies, witnesses, and reliable sources.

6. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by FBI Agents or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom your Affiant has spoken or whose report your Affiant has read and reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth your Affiant's observations but rather has been provided directly or indirectly by FBI Agents or other law enforcement officers who conducted such surveillance. Likewise, any information pertaining to vehicles and/or registrations, personal data

on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS); from Thompson Reuters, a law enforcement credit header database (CLEAR); from the State of Ohio or the National Crime Information Center (NCIC) computers; or by the Ohio Law Enforcement Gateway database (OHLEG) by members herein described.

7. Since this Affidavit is being submitted for the limited purpose of securing the requested arrest warrants, this affidavit does not contain each and every piece of information known to your Affiant and other investigators, but rather only information sufficient to establish probable cause to support the requested arrest warrants.

## SOURCES OF INFORMATION

8. Special Agents of the FBI and Task Force Officers ("TFOs") of the Northern Ohio Law Enforcement Task Force (NOLETF) involved in this investigation received information concerning the drug trafficking activities of QUINN from a confidential source (the "source").

9. The source was providing information to the FBI for approximately two years, and began providing information regarding QUINN's drug trafficking activities in June 2019. The source cooperated with law enforcement in the hopes of receiving favorable consideration regarding drug trafficking charges the source was facing, and for monetary compensation. The source's criminal history includes the following charges: Abduction, Falsification, Violation of the State Drug Law, Preparation of Drugs for Sale, Probation Violation, Giving False Information, Drug Abuse, Receiving Stolen Property, Grand Theft Motor Vehicle, Violation of Temporary Protection Order, Possession with Intent to Distribute Cocaine. The information provided by the source has been confirmed through consensually recorded conversations, surveillance, and other investigative activities and is considered reliable.

**FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE**

10. On June 5, 2019, the source telephonically contacted an individual the source knew as JAY to set up a meeting to discuss a drug transaction. The conversation was recorded and monitored by investigators. Prior to meeting with JAY the source and the source's vehicle were searched and no contraband was found. The source was then provided with an audio recording device. During the meeting JAY provided the source with an approximately 1.5 gram sample of what JAY described as heroin. At the conclusion of the meeting the source met with investigators and provided them with the heroin sample and audio recording device. The source and the source's vehicle were then searched and no contraband was found. Investigators also followed JAY at the conclusion of the meeting and observed JAY travel to 15438 Meigs Boulevard, Brookpark, Ohio. Agents identified JAQUAN QUINN as a potential resident. A photograph of QUINN was shown to the source and the source positively identified QUINN as JAY. Multiple investigators conducting surveillance of the meeting also positively identified QUINN as the individual who met with the source. Lab testing revealed the sample provided by QUINN weighed 2.14 grams and was positive for the presence of both fentanyl and carfentanil.

11. Later that same day, the source telephonically contacted QUINN and requested more of the heroin[1] QUINN had previously provided the source. This conversation was recorded and monitored by investigators. QUINN and the source agreed on a price of $40 per gram for the heroin. During the source's conversation with QUINN, QUINN agreed to sell the source one ounce of heroin. The source and the source's vehicle were searched and no contraband was found. The source was then provided with an audio recording device and $1,120 of controlled funds needed to purchase the heroin. The source, while under law enforcement surveillance,

---

1 While the narcotics QUINN provided to the source tested positive for fentanyl and carfentanil, the source continued to identify the narcotics as heroin, since that is how QUINN identified the narcotics.

then met QUINN in the area of West 50th Street and Denison Avenue, Cleveland, Ohio.  QUINN entered the source's vehicle and provided the source with approximately 28 grams of what QUINN identified as heroin, and the source provided QUINN with $1,120 of controlled funds.  QUINN then exited the source's vehicle, entered his vehicle and left the area.  The source met with investigators and provided them with the narcotics and audio recording device.  The source and the source's vehicle were searched and no contraband was found.  Lab testing revealed the narcotics provided by QUINN weighed 28.23 grams and was positive for the presence of both fentanyl and carfentanil.

12. On June 7, 2019, the source contacted QUINN telephonically and requested 50 grams of heroin.  QUINN indicated to the source he may only have 48 grams, but agreed to meet the source to conduct the transaction.  The source and the source's vehicle were then searched and no contraband was found.  The source was provided with an audio recording device and $2,250 of controlled funds (the price was set at $45 per gram).  At QUINN's direction, the source met QUINN at a Shell gas station located near the corner of Brookpark Road and West 130th Street.  The source entered QUINN's vehicle and observed a bag of narcotics on the passenger seat of QUINN's vehicle.  QUINN told the source it was 48 grams of the heroin the source had requested and provided it to the source in exchange for the $2,160 of the controlled funds.  The source then exited QUINN's vehicle and met with investigators.  The source provided investigators with the narcotics, audio recording device and $90 of remaining controlled funds.  The source and the source's vehicle were searched and no contraband was found.  Lab testing revealed the narcotics provided by QUINN weighed 47.07 grams and was positive for the presence of both fentanyl and carfentanil.

13. On June 10, 2019, the source contacted QUINN telephonically and requested fifty grams of heroin. QUINN told the source he needed to see if he could obtain the heroin and would call the source back. QUINN called the source back a few minutes later and told the source to meet him in the vicinity of West 50th Street and Denison Avenue, Cleveland, Ohio, but he was raising the price of the heroin to $50 per gram. The source and the source's vehicle were then searched and no contraband was found. The source was then provided with $2,500 of controlled funds and an audio recording device. The source traveled to the area of West 50th Street and Denison Avenue while under law enforcement surveillance, and met QUINN outside a two unit residence located at 3622 West 50th Street, Cleveland, Ohio, and QUINN invited the source into the downstairs unit. Once inside, QUINN provided the source with approximately 50 grams of narcotics and the source provided QUINN with $2,500 of controlled funds. The source then exited the residence and met with investigators. The source provided investigators with the narcotics and audio recording device. The source and the source's vehicle were then searched and no contraband was found. Lab testing revealed the sample provided by QUINN weighed 50.32 grams and was positive for the presence of both fentanyl and carfentanil.

14. On June 12, 2019, the source contacted QUINN telephonically and requested 30 grams of fentanyl. QUINN told the source would see if that was available and would call the source back. Later, QUINN contacted the source and told the source he was ready to conduct their drug transaction. QUINN directed the source to the address they had conducted their prior drug transaction, 3622 West 50th Street, Cleveland, Ohio. The source and the source's vehicle were then searched and no contraband was found. The source was provided with $1,500 of controlled funds and an audio recording device. The source was then followed by investigators to 3622 West 50th Street, where the source entered at the invitation of QUINN. While inside the

residence, QUINN provided the source with approximately 30 grams of narcotics in exchange for $1,500 of controlled funds. The source then exited the residence and met with investigators. The source provided investigators with the narcotics and the audio recording device. The source and the source's vehicle were searched and no contraband was found. Lab testing revealed the sample provided by QUINN weighed 30.1 grams and was positive for the presence of both fentanyl and carfentanil.

15. Based on the foregoing, Your Affiant believes that there is probable cause to believe that JAQUAN QUINN did on multiple occasions distribute fentanyl and carfentanil, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and (b)(1)(C).

_____
Special Agent Ian Brock
Federal Bureau of Investigation

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim. R. 41(d)(3) on this 10th day of December, 2019.

_____
DAVID A. RUIZ
UNITED STATES MAGISTRATE JUDGE